**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LOUIS A. NAVARRO,

                              Petitioner,

        - v -                                        Civ. No. 1:09-MISC-29
                                                          (DNH/RFT)

INTERNAL REVENUE SERVICE

                              Respondent.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## ORDER

Presently before this Court is *pro se* Petitioner Louis A. Navarro's (Navarro) Motion to Quash Internal Revenue Service (I.R.S.) Summonses issued to Glens Falls National Bank, National Investors Services Corp., First Niagara Bank, and TIP Systems LLC.  Dkt. No. 1, Mot. to Quash, dated Apr. 3, 2009.  Attachments to the Motion appear to indicate that on or about March 17, 2009, the I.R.S. issued Summonses to the aforementioned financial institutions for all sorts of financial records for Louis A. Navarro, Jeanette Cazull Navarro, Alexander Navarro, Ashley Navarro, Dustin Navarro, Navarro Irrevocable Trust, Navarro & Associates, and ALJE Enterprises LLC.  Dkt. No. 1-2, Summonses.  As indicated by the Summonses, those records were to be produced to the I.R.S. office in Albany by April 9, 2009.  *Id*. at p. 1.

On May 18, 2009, the I.R.S. filed a Notice of Appearance and a Memorandum

of Law in Opposition to Navarro's Motion to Quash.  Dkt. Nos. 2, Resp.'s Mem. of Law, dated May 18, 2009, & 4, Not. of Appearance.  Respondent makes clear that its appearance is for the limited purpose of asserting sovereign immunity.  Dkt. No. 2 at p. 1 n.1.[1]  And, on May 29, 2009, Navarro filed a Motion in Objection to Respondent's Memorandum of Law.  Dkt. No. 3.  This matter is on submit and no oral arguments have been heard.

Navarro's bases for quashing the I.R.S. Summonses can be summarized as follows: (1) the summons form is defective; (2) the legislative history of 26 U.S.C. § 7602 does not support its use by a criminal investigator for the I.R.S.; (3) the criminal investigator does not have authority to issue these summonses, which in his view are fraudulent; and (4) an "Article III judge who accepts the assignment of this case must submit that he/she does not file and/or pay an 'income tax' on his/her judicial salary."  Dkt. No. 1 at pp. 7-8.

Congress has enacted an entire statutory scheme to assist in the discovery of information related to taxes.  26 U.S.C. § 7601 *et seq.*  26 U.S.C. § 7602 gives the I.R.S. the authority to issues a summons to ascertain the correctness of any return, to determine a person's tax liability, and for purposes of collecting on that liability.  In

---

[1] The Respondent states that "[t]he United States appears herein for the limited purpose of placing before the Court its argument that sovereign immunity has not been waived inasmuch as Petitioner has failed to comply with Fed. R. Civ. P. 4 and 26 U.S.C. § 7609."  Dkt. No. 2 at p. 1 n.1.

this regard, the I.R.S. is permitted to examine all books, papers, and records relevant to the inquiry, to summons the person liable for the tax, and to take testimony, under oath, relevant to such inquiry.  26 U.S.C. § 7602(a)(1), (2), & (3).  If an officer of the I.R.S wishes to contact a third party about a target's tax liability, the taxpayer is entitled to reasonable notice, 26 U.S.C. § 7602(c), and there are special notice procedures in place when third-party summonses are used, 26 U.S.C. § 7609.  Lastly, if enforcement of an I.R.S. summons becomes necessary, Congress has empowered United States district courts with the authority to do so.  26 U.S.C. § 7604.

Attached to Navarro's Motion is a self-styled certificate of service in which he notes that he served solely by regular mail a copy of his Motion upon Julie Carruthers, Internal Revenue Service, 1 Clinton Avenue, Albany, New York, United States District Attorney" [sic], and the Clerk of this Court. Dkt. No. 1 at p. 9.  Nonetheless, the I.R.S. argues that this services fails to comply with the mandates of 26 U.S.C. § 7609(b), which sets forth the right of the targeted tax payer to intervene and proceed to quash a summons.  Particularly, the I.R.S. highlights that Navarro, when initiating this Motion, failed to mail "by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary [I.R.S.] may direct in the [summons.]"  26 U.S.C. § 7609(b)(2)(B).

In our case then, copies were required to be served upon all of the financial

institutions listed above and the I.R.S. in the manner prescribed by this statute.  In fact there is no record that any of the financial institutions ever received any notification of this Motion.  It has been clear since the inception of this Republic that the United States and its agencies are immune for lawsuits by virtue of its sovereignty until such time the Government consents to be sued and establishes the terms upon which a lawsuit against it can be entertained.  *Scarborough v. Prinicipi*, 541 U.S. 401, 426 ( 2004) (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) for the proposition that "this Court has long decided that limitations and conditions upon which the Government consents to be sued must be **strictly observed and exceptions thereto are not to be implied**.") (emphasis added); *West v. Gibson*, 527 U.S. 212, 222 (1999) (standing for the proposition that sovereign immunity waivers must be construed narrowly); *FDIC v. Meyers*, 510 U.S. 471, 475 (1994) (finding that sovereign immunity is jurisdictional in nature and "absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit") (citations omitted).  Since Navarro has not provided this Court with any other jurisdictional basis for us to entertain his Motion, nor shown that the Government has waived its sovereign immunity to allow this suit or motion to proceed, accordingly, the Court finds this matter is devoid of any federal subject matter jurisdiction.

Attempting to deflect the deficient service in this case, Navarro relies upon the Second Circuit's call to district courts to extend liberality to *pro se* litigants and to forgive them for their pleading *faux pas*.  Dkt. No. 3 at p. 1.  What Navarro fails to understand is that the aforementioned policy of leniency is only extended to matters of pleadings and not a *carte blanche* rule over every misstep by a *pro se*.  This policy does not forgive nor provide any leniency for failure to abide by statutory requirements such as the method of service required by 26 U.S.C. § 7609(b)(1) & (2) and FED. R. CIV. P. 4(i).  Accordingly, for this reason - failure to properly serve all of the necessary parties - the Court has neither subject matter jurisdiction nor personal jurisdiction over the I.R.S. and, therefore, Motion to Quash is **denied**.  *Tarpley v. United States*, 198 F.3d 234 (2d Cir. 1999) (affirming the district court's finding that it did not have subject matter jurisdiction by virtue of the petitioner failing to strictly comply with the statutory terms of 26 U.S.C. § 7609(b)(2)(A) on which the United States waived its sovereign immunity and consents to being sued); *Gilmartin v. U.S. I.R.S*, 174 F. Supp. 2d 117, 119 (S.D.N.Y. 2001) (noting that the terms of the statute must be strictly construed as it defines the extent of the government's waiver of sovereign immunity); *Vilella v. United States*, 2000 WL 968773, at *2 (S.D.N.Y. July 12, 2000) (When discussing the parameters of 26 U.S.C. § 7609, this court reminds us that "courts have routinely dismissed the petition on jurisdictional grounds finding

that the United States waiver of sovereign immunity had lapsed.").

Even though this Court is dismissing the Motion on jurisdictional grounds, it is incumbent upon us to comment that, even if there was jurisdiction, Navarro's Motion would fail. This is not Navarro's first attempt to quash an I.R.S. summons and raise that 26 U.S.C. § 7602 is not applicable to the investigation of his income tax returns. In fact, not less than seven months ago, the Second Circuit provided Navarro with clear, concise, and uncluttered instruction on the I.R.S.'s authority to issue and enforce a summons. The Court repeats that instruction: "The IRS has authority to issue summonses to ascertain the liability 'of any person for any internal revenue tax' and to 'examine any books, papers, records, or other data  which may be relevant to matter to such inquiry.'" Dkt. No. 2, Resp. Mem. of Law, Ex. 1, *United States v. Louis Navarro*, Civ. No. 07-2711, Summary Order, dated Dec. 17, 2008, at p. 3 (2d Cir. 2008). This precise instruction notwithstanding, and for reasons enumerated above, *see supra* p. 2, Navarro contends that the I.R.S. Summonses have no legal basis.

However, it is Navarro's arguments in support of his Motion to Quash that are devoid of any legal bases. Either Navarro misapprehends the relevant law or obfuscates it to suit his purpose of avoiding an inquiry into his taxes, but, in the final analysis, his arguments are not persuasive. To suggest that an Article III judge cannot hear this matter unless he admits that he does not pay income taxes is blatantly

baseless, and of course, without precedent.  Neither this Court nor any other Court that address I.R.S. summonses are confronted with a conflict of interest.  Navarro's attempt to employ a "reasoning and logical" trap based upon his reading of the history of the related statutes, which the Court notes is an obvious misread of the statute and the history, in order to propose that the statute only authorizes the tax on cotton, is nothing short of ludicrousness.  To interpret a statute in this matter defies credulity and obviously is replete with deception.  Lastly, contentions that Navarro does not qualify as a person subject to income tax because the statute suffers from constitutional impediment are similarly meritless.  All other arguments are wholly frivolous and devoid of any valid authority.

Accordingly, Navarro's Motion to Quash the I.R.S. Summonses, Dkt. No. 1, is **denied in all respects.**

**IT IS SO ORDERED**.

August 4, 2009
Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge