# MANDATE

09-4001-cv
Navarro v. Internal Revenue Service

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

   At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand ten.

PRESENT:
            DENNIS JACOBS,
                 *Chief Judge,*
            ROGER J. MINER,
            RICHARD C. WESLEY,
                 *Circuit Judges.*



Louis Navarro,

            *Petitioner-Appellant,*

      v.                                               09-4001-cv

Internal Revenue Service,

            *Respondent-Appellee.*

FOR APPELLANT:     Louis Navarro, *pro se*, Fort Ann, NY.

FOR APPELLEE:      John A. DiCicco, Acting Assistant Attorney General; Michael J. Haungs and John Schumann, Attorneys, Tax Division, Department of Justice, Washington, D.C.; Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY.

Appeal from two orders of the United States District Court for the Northern District of New York (Treece, *M.J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the magistrate judge's orders be **AFFIRMED**.

Appellant Louis Navarro, *pro se*, appeals the two rulings of the magistrate judge, one denying Navarro's motion to quash four Internal Revenue Service ("IRS") third-party summonses, the other denying reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the dismissal of a motion to quash an IRS summons for lack of subject matter jurisdiction. *See Upton v. I.R.S.*, 104 F.3d 543, 545 (2d Cir. 1997). In general, "[t]he United States and its agencies enjoy immunity from suit except insofar as Congress has enacted legislation effecting an unequivocal waiver," *id.*, and, relevant to the instant case, under 26 U.S.C. § 7609, Congress created a discrete and limited waiver of that immunity solely for the purpose of permitting a taxpayer to "quash an administrative summons served on a third-party recordkeeper," *Upton*, 104 F.3d at 545 (internal quotations omitted). However, a taxpayer's ability to quash a summons--and thereby overcome sovereign immunity--requires strict compliance with the applicable statute. Therefore, a taxpayer may bring an action to quash a third-party summons within twenty days of

2

receiving notice thereof, but only if the taxpayer "mail[s] by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice." 26 U.S.C. § 7609(b)(2)(B); see also Upton, 104 F.3d at 546 (describing procedure).

   Our review of this record confirms that Navarro failed to comply with the requirements of § 7609(b)(2)(B), and therefore did not overcome the presumptive immunity of the United States. Accordingly, the magistrate judge properly determined that he lacked subject matter jurisdiction to consider Navarro's motion to quash, and, for this reason, did not err by denying Navarro's motion for reconsideration. See RJE Corp v. Northville Indus. Corp., 329 F.3d 310, 316 (2d Cir. 2003) (per curiam) (denial of motion for reconsideration reviewed for abuse of discretion).

   For the foregoing reasons, the orders of the magistrate judge are hereby **AFFIRMED**.

                                  FOR THE COURT:
                                  Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit